Matthew J. Norris (SBN 257505)
NORRIS LAW GROUP, P.C.
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443 4159
Facsimile: (310) 443 4220
Email:  mjnorris@norrislglaw.com

Attorneys for Defendants Zaherali E. Sayani
and Kherun Sayani

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>JR7 WORLDWIDE INC., a California corporation; ZAHERALI E. SAYANI, an individual; KHERUN SAYANI, an individual; and DOES 1-10, inclusive;<br><br>        Defendants. | Case No. 2:20-cv-10140-DSF (PVCx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT "FOR DAMAGES AND INJUNCTIVE RELIEF," ETC.**<br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendants Zaherali E. Sayani and Kherun Sayani, here acting JOINTLY and each acting in BOTH their individual capacities, hereby file this Answer to Plaintiff Anthony

Bouyer's ("Plaintiff") Complaint "For Damages and Injunctive Relief For: Violations Of the Americans With Disabilities Act of 1990, etc." and "Violations of the Unruh Civil Rights Act, etc." ("Complaint"), for themselves and for no other Defendants, with all references to "Paragraphs" below referring to the Paragraphs of the Plaintiff's Complaint filed in this action unless otherwise noted, as follows.

## INTRODUCTION

Plaintiff Anthony Bouyer is a serial litigant who invests what appears to be a significant amount of time allegedly visiting businesses, purportedly encountering barriers to access for persons with disabilities, and serving as the plaintiff in ensuing civil litigation. Represented by the same lawyers, Mr. Bouyer has filed no fewer than 446 cases in this district, including this matter, since December 31, 2019, an average of more than 40 cases filed per month. An examination of a representative sample of the complaints in these cases reveals that they are virtually identical other than the names and addresses of the Defendants(s) and the date of Mr. Bouyer's supposed visits to the various premises, which are, conspicuously, never described in any detail. Notably, Mr. Bouyer and his captive law firm never seem to send a cease-and-desist letter to any Defendants as a first step, a strategy that would advance the causes of disability advocacy and the removal of barriers to access but also carry the "drawback" of not generating a revenue stream of attorney fees. Instead, they file suit without any advance notice whatsoever, and always in federal court to avoid California's legislation and rules designed to address and curb the abuses of serial Unruh Act litigants.

Against this backdrop – while hurting the cause of legitimate disability advocacy everywhere through sharp practice and abusive and vexatious litigation – Mr. Bouyer and his adopted law firm continue their unyielding consumption of this Court's resources with the instant Complaint.

## ANSWERS TO PARAGRAPHS IN COMPLAINT

1. Defendants lack sufficient information and belief to respond to the allegations in Paragraph 1 of the Complaint and on that basis deny said allegations.

2.  Defendants admit the allegations in Paragraph 2.

3.  Defendants admit the allegations in Paragraph 3.

4.  Defendants deny the allegations in Paragraph 4.

5.  Defendants deny the allegations in Paragraph 5.

6.  Paragraph 6 contains allegations that do not appear to require admission or denial; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 6.

7.  Paragraph 7 contains allegations that do not appear to require admission or denial; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 7.

8.  Paragraph 8 contains allegations that do not appear to require admission or denial; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 8.  Additionally, Defendants ask the Court via Order to Show Cause (or in the alternative, Defendants will so move the Court) to decline to exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim, which predominates over his federal law claim under the Americans with Disabilities Act of 1990 ("ADA").

9.  Paragraph 9 contains allegations that do not appear to require admission or denial; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 9.  Additionally, Defendants ask the Court via Order to Show Cause (or in the alternative, Defendants will so move the Court) to decline to exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim, which predominates over his federal law claim under the Americans with Disabilities Act of 1990 ("ADA").  Defendants deny the allegations in Paragraph 9.  By way of further answer, Defendants do not believe that Plaintiff has ever in fact gone to or visited (hereinafter "visited") what Plaintiff describes as "the Business," whether "on or about October 17, 2020" as Plaintiff vaguely claims or on any other date; and Defendants do not believe that Plaintiff has or ever had any intention to purchase "car mats" or otherwise avail himself of the Business's goods or services.

10. Paragraph 10 contains legal conclusions to which no response is required; to the extent that a response is required, Defendants deny the allegations of Paragraph 10.

11. Paragraph 11 contains allegations that do not appear to require admission or denial; however, to the extent that a response is required, Defendants deny the allegations in Paragraph 11. Additionally, Defendants ask the Court via Order to Show Cause (or in the alternative, Defendants will so move the Court) to decline to exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim, which predominates over his federal law claim under the Americans with Disabilities Act of 1990 ("ADA"). Defendants deny the allegations in Paragraph 11. By way of further answer, Defendants do not believe that Plaintiff has ever in fact gone to or visited (hereinafter "visited") what Plaintiff describes as "the Business," whether "on or about October 17, 2020" as Plaintiff vaguely claims or on any other date; and Defendants do not believe that Plaintiff has or ever had any intention to purchase "car mats" or otherwise avail himself of the Business's goods or services.

12. Defendants deny the allegations in Paragraph 12, unfortunate and otherwise. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

13. Defendants deny the allegations in Paragraph 13. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business, and the allegations of Paragraph 13 are impermissibly vague, ambiguous, and speculative.

14. Defendants deny the allegations in Paragraph 14. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business, and the allegations of Paragraph 14 are impermissibly vague, ambiguous, and speculative.

15. Defendants deny the allegations in Paragraph 15. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

16. Defendants deny the allegations in Paragraph 16. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business, and some of the

allegations of Paragraph 16 are legal argument thinly disguised as fact that Defendants deny.

17. Defendants deny the allegations in Paragraph 17. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

18. Defendants deny the allegations in Paragraph 18. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

19. Defendants deny the allegations in Paragraph 19, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

20. Defendants deny the allegations in Paragraph 20. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business, and some of the allegations of Paragraph 20 are legal argument thinly disguised as fact that Defendants deny.

21. Defendants have no way of knowing what "keen interest" Plaintiff (and his lawyers) may have; Defendants therefore lack sufficient information and belief to respond to the allegations in Paragraph 21 of the Complaint and on that basis deny said allegations.

22. Defendants deny the allegations in Paragraph 22, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business. By way of further answers, Defendants do not believe that Plaintiff has any intention to return to the Business, unless he stops serving as the straw plaintiff for new complaints brought by his preferred law firm, as it is doubtful that he or anyone would have enough time in the day or enough resources or needs to visit the almost 450 businesses Plaintiff claims to have visited since December 31, 2019 again, let alone while also continuing to hunt fresh targets.

23. Defendants deny the allegations in Paragraph 23, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business. By way of further answer, Defendants

do not believe that Plaintiff has any intention to return to the Business, unless he stops serving as the straw plaintiff for new complaints brought by his preferred law firm, as it is doubtful that he or anyone would have enough time in the day or enough resources or needs to visit the almost 450 businesses Plaintiff claims to have visited since December 31, 2019 again, while also continuing to hunt fresh targets.

24. Defendants deny the allegations of Paragraph 24. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations in Paragraph 26, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

27. Defendants deny the allegations in Paragraph 27, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

28. Defendants deny the allegations in Paragraph 28, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business. By way of further answer, Defendants deny that Plaintiff has personally encountered any barrier related to his disability in any situation involving Defendants, and Defendants assert that Plaintiff may not maintain an action hoping to find such barriers in the future. By way of further answer, Plaintiff's citation of case law in an attempt to support his factual assertions is legal argument to which no response is required, but the same is nonetheless hereby denied.

29. Defendants deny the allegations in Paragraph 29, both to the extent that they do and do not contain conclusions of law. By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business. By way of further answer, Defendants deny that Plaintiff has personally encountered any barrier related to his disability in any situation involving Defendants, and Defendants assert that Plaintiff may not maintain an action hoping to find such barriers in the future. By way of further answer, Defendants

deny that Plaintiff is entitled to any injunctive relief and Defendants note that Plaintiff has failed to comply with Fed. R. Civ. P. 65 and Local Civil Rule 65-1.

30.   Defendants reassert the admissions, denials and allegations previously asserted in this Answer to Paragraphs 1 through 29 of the Complaint, inclusive, as if fully set forth herein.

31.   Paragraph 31 (including all its subsections) contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 31 are denied.

32.   Paragraph 32 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 32 are denied.

33.   Paragraph 33 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 33 are denied.

34.   Paragraph 34 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 34 are denied.  By way of further answer, Defendants deny the factual allegations (to the extent that any are pleaded) in Paragraph 34.  By way of further answer, Defendants do not believe that Plaintiff has ever visited the Business.

35.   Paragraph 35 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 35 are denied.  By way of further response, Defendants deny that Plaintiff is entitled to any injunctive relief; Defendants note that Plaintiff has failed to comply with Fed. R. Civ. P. 65 and Local Civil Rule 65-1; and Defendants assert that Plaintiff lacks standing, and that Plaintiff has failed to state a claim upon which relief can be granted.

36.   Defendants reassert the admissions, denials and allegations previously asserted in this Answer to Paragraphs 1 through 35 of the Complaint, inclusive, as if fully set forth herein.

37.   Paragraph 37 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 37 are denied.

38. Paragraph 38 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 38 are denied.

39. Paragraph 39 contains legal conclusions to which no response is required; to the extent that a response is required, the allegations in Paragraph 39 are denied.

40. As to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any injunctive relief; Defendants note that Plaintiff has failed to comply with Fed. R. Civ. P. 65 and Local Civil Rule 65-1; and Defendants assert that Plaintiff lacks standing, and that Plaintiff has failed to state a claim upon which relief can be granted.

41. As to Plaintiff's prayer for relief on the alleged First and Second Causes of Action, Defendants deny that Plaintiff is entitled to any monetary damages, because Plaintiff did not actually visit any premises relating to Defendants; the Court should decline supplemental jurisdiction over Plaintiff's state law claim; and Plaintiff should be required (via an Order to Show Cause) to show why his state law claim should not be dismissed, or to meet the heightened pleading requirements of Cal. Code Civ. Proc. § 425.50, which were enacted "in an attempt to deter baseless claims and vexatious litigation." *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019).

42. As to Plaintiff's prayer for relief on the alleged First and Second Causes of Action, Defendants deny that Plaintiff is entitled to any "deterrence damages," because Plaintiff did not actually visit any premises relating to Defendants; the Court should decline supplemental jurisdiction over Plaintiff's state law claim; and Plaintiff should be required (via an Order to Show Cause) to show why his state law claim should not be dismissed, or to meet the heightened pleading requirements of Cal. Code Civ. Proc. § 425.50, which were enacted "in an attempt to deter baseless claims and vexatious litigation." *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019).  Moreover, Plaintiff has not pleaded that he attempted to patronize the Business again but was prevented or reasonably dissuaded. *Filardi v.*

*Starbucks # 8709*, No. 5:18-CV-00404-ODW-SP, 2018 WL 3303316, at *4 (C.D. Cal. July 5, 2018).

43. As to Plaintiff's prayer for relief on the alleged First and Second Causes of Action, Defendants deny that Plaintiff is entitled to any attorney fees, litigation expenses and costs of suit, because Plaintiff did not actually visit any premises relating to Defendants; the Court should decline supplemental jurisdiction over Plaintiff's state law claim; and Plaintiff should be forced (via an Order to Show Cause) to show why his state law claim should not be dismissed, or to meet the heightened pleading requirements of Cal. Code Civ. Proc. § 425.50, which were enacted "in an attempt to deter baseless claims and vexatious litigation." *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019).

44. Any allegation in the Complaint not specifically admitted or otherwise responded to above, including Plaintiff's entitlement to any relief set forth in Plaintiff's prayer or otherwise, is hereby denied in full by Defendants.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following separate and affirmative defenses to the causes of action set forth in the Plaintiff's Complaint, and in so doing, Defendants do not concede that Defendants bear the burden of proof on such defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint and each alleged claim for relief set forth therein fail to allege facts sufficient to state a claim for relief or damages. Moreover and without limitation, Plaintiff lacks standing and Plaintiff has failed to describe his alleged injuries or link them in any way to alleged barriers to access.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Each and every one of the Plaintiff's claims against Defendants that set forth in the Complaint is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Plaintiff has waived and released any rights he may have had against Defendants and, for that reason, Plaintiff is barred from recovery herein.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. The Complaint and each and every alleged claim for relief set forth therein are barred by the Plaintiff's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. The Complaint and each and every alleged claim for relief therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. Plaintiff is estopped from asserting each and every one of the purported claims for relief asserted in the Complaint against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Fraud)

7. Plaintiff's claims are barred by reason of his own fraudulent acts.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff Did Not Visit Defendants' Premises)

8. On information and belief, Plaintiff never visited "the Business" or any premises relating to Defendants – and Defendants plans to depose Plaintiff to confirm this – and therefore, Plaintiff has no standing to maintain this action and no basis for a claim upon which relief may be granted.  In addition, Plaintiff and his counsel have knowingly maintained this action in bad faith, and the action is vexatious and frivolous, entitling Defendants to sanctions and an award of reasonable attorney fees and costs.

//

## NINTH AFFIRMATIVE DEFENSE
### (Plaintiff Has No Intent to Visit the Premises Again)

9. On information and belief, Plaintiff never visited the Business or any premises relating to Defendants, and has no intent to visit any such premises again, particularly but not exclusively due to his schedule visiting so many area businesses in a claimed effort to assess them for compliance with the disability access laws and champion the rights of the disabled (while in fact doing the reverse, by increasing the chances that legislation will eventually be passed to curb his and others' serial litigation abuses, possibly harming *legitimate* disability advocacy in the process). Because Plaintiff has no intention of visiting any premises relating to Defendants again, including without limitation the Business, he is barred from recovery as alleged.

## TENTH AFFIRMATIVE DEFENSE
### (State Law Claim Should Be Dismissed)

10. Plaintiff's state law claim (which allows for the recovery of monetary damages) clearly predominates over his ADA claim (which does not). Plaintiff should be forced by the Court (via an Order to Show Cause) to show why his state law claim should not be dismissed, or alternatively to meet the heightened pleading requirements of Cal. Civ. Proc. Code § 425.50, enacted "in an attempt to deter baseless claims and vexatious litigation." *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance Not Readily Achievable)

11. Under the ADA, a business must only bring its premises into compliance when "readily achievable" to do so, which means easily accomplishable and able to be carried out without much difficulty or expense relative to the size of the business. This is a case-by-case analysis and carries the goal, according to the ADA, of ensuring that ADA requirements are not unduly burdensome to small businesses. Compliance here is not readily achievable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mootness)

12. If compliance is readily achievable, Defendants will bring itself into compliance, mooting Plaintiff's Complaint. In such case, Defendants will move for a stay of this action, then for dismissal for mootness once compliance is achieved.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

13. Defendants presently have insufficient knowledge and information upon which to form a belief as to whether Defendants may have additional defenses not specifically set forth herein. On that basis, Defendants reserve the right to amend this Answer and also reserve the right to assert additional affirmative defenses in the event that further pleadings or discovery in this action indicate that such defenses are appropriate.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby request and demand a jury trial on all claims and causes of action so triable.

Dated:   November 25, 2020      NORRIS LAW GROUP, P.C.

By: _____/s/ Matthew J. Norris_____
Matthew J. Norris
Attorneys for Defendants
Zaherali E. Sayani and Kherun Sayani