Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>JR7 WORLDWIDE INC., a California corporation; ZAHERALI E. SAYANI, an individual; KHERUN SAYANI, an individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:20-cv-10140-DSF-PVC<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: January 11, 2021**<br>**Time: 11:00 a.m.**<br>**Hon. Dale S. Fischer** |

NOW COME Plaintiff ANTHONY BOUYER ("Plaintiff") and Defendants ZAHERALI E. SAYANI, an individual; KHERUN SAYANI, an individual ("collectively referred to as "Defendants" or the "Sayani Defendants" – "Defendants" in this report shall not be deemed to include JR7 Worldwide, Inc., which undersigned counsel for the Sayani Defendants does not represent and which

1

has not appeared in the action), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

**A.   Statements Of The Case**

Plaintiff: Plaintiff is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities because he is paraplegic, including, but not limited to: walking, standing, moving about, sitting and driving. As a result of these substantial limitations, Plaintiff requires the use of leg braces for mobility stability, a walker or wheelchair for mobility, and hand control devices to drive his motor vehicle. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Defendants own the property located at 26081 Bouquet Canyon Road, Santa Clarita, CA 91350 (hereinafter "Property") where the subject business Genesis 1 Auto Concepts (the "Business") is located. It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations. The Business is a facility open to the public, a place of public accommodation, and a business establishment. Plaintiff encountered an accessible parking area whose slope exceeds ADAAG specifications (Section 502.4).

Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA and

2

the Unruh Civil Rights Act (Unruh Act).  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visit to the Property and Business on or about October 17, 2020 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

Defendants:

Plaintiff Anthony Bouyer is a serial litigant who invests what appears to be a significant amount of time allegedly visiting businesses, purportedly encountering barriers to access for persons with disabilities, and serving as the plaintiff in ensuing civil litigation.  Represented by the same lawyers, Mr. Bouyer has filed no fewer than 446 cases in this district, including this matter, from December 31, 2019 to November 25, 2020 (and many more since), an average of more than 40 cases filed per month.  An examination of a representative sample of the complaints in these cases reveals that they are virtually identical other than the names and addresses of the Defendants(s) and the date of Mr. Bouyer's supposed visits to the various premises, which are, conspicuously, never described in any detail.  Notably, Mr. Bouyer and his captive law firm never seem to send a cease-and-desist letter to any Defendants as a first step, a strategy that would advance the causes of disability advocacy and the removal of barriers to access but also carry the "drawback" of not generating a revenue stream of attorney fees.  Instead, they file suit without any advance notice whatsoever, and always in federal court to avoid California's legislation and rules designed to address and curb the abuses of serial Unruh Act litigants.

Against this backdrop – while hurting the cause of legitimate disability advocacy everywhere through sharp practice and abusive and vexatious litigation – Mr. Bouyer and his adopted law firm continue their unyielding consumption of this Court's resources with the instant Complaint.

3

Meanwhile, the Sayani Defendants, a small business, have remediated the access barrier identified in Plaintiff's factually sparse complaint. Were this case truly about disability rights, it would end here. But it isn't, and it won't.

**B.     Subject Matter Jurisdiction**

Plaintiff:  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.  The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

Defendants:

Defendants note that federal jurisdiction exists as long as there is an issue under the ADA, which there no longer is because the Sayani Defendants have remediated the only barrier to access described in the Complaint.  Accordingly, Defendants ask the Court via Order to Show Cause (or in the alternative, Defendants will so move the Court) to decline to exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim, which predominates over his federal law claim under the Americans with Disabilities Act of 1990 ("ADA").

**C.     Legal Issues**

Plaintiff: The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

Defendants:

The Sayani Defendants have already remediated all barriers named in the

4

Complaint.  Plaintiff has no damages.  Additionally, Defendants do not believe that Plaintiff has any intention to return to the Business, unless he stops serving as the straw plaintiff for new complaints brought by his preferred law firm, as it is doubtful that he or anyone would have enough time in the day or enough resources or needs to visit the almost 450 businesses Plaintiff claims to have visited since December 31, 2019 again, while also continuing to hunt fresh targets.

Moreover, Plaintiff has not pleaded that he attempted to patronize the Business again but was prevented or reasonably dissuaded.  *Filardi v. Starbucks # 8709*, No. 5:18-CV-00404-ODW-SP, 2018 WL 3303316, at *4 (C.D. Cal. July 5, 2018).

Additionally, Plaintiff lacks standing and Plaintiff has failed to describe his alleged injuries or link them in any way to alleged barriers to access.

**D.**   **Parties, Evidence, Etc.**

Plaintiff:  The Parties include Plaintiff and Defendants.  Plaintiff does not expect any additional parties to be added at this time.  Expected witnesses include Plaintiff, Plaintiff's expert regarding the alleged barriers at the Subject Property, the person(s) most knowledgeable for Defendants regarding its design, maintenance, and accessibility of the Property, and the Parties' respective experts.  Expected key documents/evidence include an expert led site inspection, which will result in a report, to identify each barrier that would affect Plaintiff's type of disability.

Defendants:

The Sayani Defendants intend to call as witnesses both Sayani Defendants, the person most knowledgeable of non-responding defendant JR7 Worldwide, Inc., and Plaintiff as well as anyone who can testify as to the nature of Plaintiff's compensation for his activities.  No additional parties are anticipated.  As there is no issue of barriers to access, experts are unneeded.

**E.**   **Damages**

5

<u>Plaintiff:</u>  Plaintiff seeks a preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and the Property; an award of statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; and an additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $8,000.00.

<u>Defendants:</u>

<u>Defendants contest all damages by Plaintiff and seek legal fees for vexatious and frivolous litigation.</u>

**F.   <u>Insurance</u>**

<u>Plaintiff:</u>  Plaintiff is unaware of insurance coverage applicable to this action.

<u>Defendants:</u>

Defendants state that they have no insurance coverage applicable to this action.

**G.   <u>Motions</u>**

<u>Plaintiff:</u>  Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants:</u>

Defendants will first move the Court via an Order to Show Cause seeking

6

JOINT 26F REPORT

dismissal of this action because the ADA-related violations have been remedied by Defendants and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, which predominate over Plaintiff's federal law claim. Alternatively, Defendants will file a motion for summary judgment seeking the same, together with a request that Plaintiff either meet the heightened pleading requirements of Cal. Code Civ. Proc. § 425.50, which were enacted "in an attempt to deter baseless claims and vexatious litigation," *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019), or be declared a serial or vexatious litigant.

**H.**   **Manual for Complex Litigation**

The Parties do not believe this case is complex or requires references to the procedures set forth in the Manual on Complex Litigation.

**I.**   **Status of Discovery**

The Parties have not initiated or completed any formal discovery.

**J.**   **Discovery Plan**

The Parties will exchange initial disclosures no later than January 8, 2021.

Plaintiff: Plaintiff believes that phasing of discovery is unnecessary.  Plaintiff intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendants' person most knowledgeable pursuant to FRCP 30(b)(6):

1.  Defendants' operation of Property and Business;

2.  Defendants' ownership of the Property and Business;

3.  The accessibility of the Property and Business;

4.  Defendants' policy regarding accessibility of the Property and Business.

To this end, Plaintiff will serve written Requests for Admission, Interrogatories and Document Requests upon Defendants.   Plaintiff also anticipates taking the deposition of Defendants' person most knowledgeable as well as the

7

deposition of other potential witnesses.

Defendants:

Sayani Defendants will take Plaintiff's deposition as soon as possible (and has already requested dates) and by no later than February 15, 2021 to establish the defenses noted above, assuming that the Court does not first decline to exercise jurisdiction over Plaintiff's state law claims and dismiss them given Sayani Defendants' complete compliance with the ADA.

Sayani Defendants do not anticipate taking any other depositions at this time.

Sayani Defendants anticipate propounding, on an immediate basis, detailed requests for production of documents seeking evidence that Plaintiff is a serial litigant and that Plaintiff has not, in fact, visited the subject property, and that Plaintiff has no intention to return to it.

Sayani Defendants do not request any changes in Rule 26(a) disclosures, do not request any changes in limitations on discovery, and do not request phased discovery.

**K.    Discovery Cut-Off**

Plaintiff:   June 15, 2021

Defendants:   June 15, 2021

**L.    Expert Discovery**

Plaintiff:

Initial:       May 11, 2021

Rebuttal:    May 25, 2021

Cutoff:       June 15, 2021

Defendants:

8

Initial:        May 11, 2021

Rebuttal:    May 25, 2021

Cutoff:       June 15, 2021

## M.    **Dispositive Motions**

Plaintiff: Plaintiff anticipates filing a motion for summary judgment, or, in the alternative, a motion for partial summary judgment under the ADA and the Unruh Civil Rights Act.  The issues in this case stem from a question of whether the accessibility barriers on the Property violate the ADA and Unruh Civil Rights Act. A determination of these issues will depend on inquiries of (1) whether Defendants are responsible under the law to remove/remediate the barriers; (2) whether the Plaintiff has standing to seek either damages and/or injunctive relief; and (3) the nature and extent of damages.

Defendants:

Defendants will first move the Court via an Order to Show Cause seeking dismissal of this action because the ADA-related violations have been remedied by Defendants and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, which predominate over Plaintiff's federal law claim.

Alternatively, Defendants will file a motion for summary judgment seeking the same, together with a request that Plaintiff either meet the heightened pleading requirements of Cal. Code Civ. Proc. § 425.50, which were enacted "in an attempt to deter baseless claims and vexatious litigation," *Perri v. Thrifty PayLess*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068, at *2 (C.D. Cal. Oct. 8, 2019), or be declared a serial or vexatious litigant.

## N.    **Settlement/Alternative Dispute Resolution (ADR)**

Plaintiff:  In the event that this matter is not expeditiously resolved, the Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local

Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

> Defendants:

> Defendants are willing to participate in outside ADR with a private neutral and select that option and only that option.

**O.   Trial Estimate**

> Plaintiff:  Plaintiff estimates approximately 4-6 days for trial.  Plaintiff prefers a bench trial.  Plaintiff estimates calling three witnesses.

> Defendants:

> Defendants have requested a jury trial and estimate that it will take 1-2 days.  The Sayani Defendants estimate that they will present four witnesses. Notably, Defendant JR7 Worldwide, Inc. has not appeared at this time and is not a participant in this report, so its participation, if any, could lengthen this time frame and result in the presentation of additional witnesses.

**P.   Trial Counsel**

> Plaintiff:  Trial counsel for Plaintiff shall be Joseph R. Manning, Craig G. Cote and Osman M. Taher of Manning Law, APC.

> Defendants:  Lead trial counsel for the Sayani Defendants will be Matthew J. Norris of Norris Law Group, P.C.

**Q.   Independent Expert or Master**

> The Parties do not anticipate the need for an Independent Expert or Master.

**R.   Timetable**

> Timetable is attached as Exhibit A.

**S.   Other Issues**

> None at this time.

JOINT 26F REPORT

Dated: _December 23, 2020_          **MANNING LAW, APC**

By: _/s/ Joseph R. Manning Jr._____
       Joseph R. Manning Jr., Esq.
       Osman M. Taher, Esq.
       Attorneys for Plaintiff

Dated: December 23, 2020          **NORRIS LAW GROUP, P.C.**

By: _/s/ Matthew James Norris_____
       Mathew James Norris, Esq.
       Attorneys for Defendants Zaherali E. Sayani
       and Kherun Sayani

## Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 23, 2020_          **MANNING LAW, APC**

By: _/s/ Joseph R. Manning Jr., Esq.___
       Joseph R. Manning Jr., Esq.
       Osman M. Taher, Esq.
       Attorneys for Plaintiff

JOINT 26F REPORT